

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

June 19, 1948

Honorable John H. Winters
Department of Public Welfare
Austin, Texas

Opinion No. V-612.

Re: The eligibility for
Old-Age Assistance
of an individual who
possesses a vendor's
lien note secured by
certain real proper-
ty under the facts
submitted.

Dear Sir:

We take from your letter of request the fol-
lowing facts underlying the question of law involved:

"The recipient who is 89 years of age
lives on her own farm, which is her sepa-
rate and individual property. The farm
consists of 172 acres of land. The appel-
lant's daughter, who is 72 years of age
and who is also a recipient of assistance,
lives in the home with her. The home is
fairly inaccessible and the appellant has
none of the conveniences. The appellant
has several children. The appellant also
has one grandchild, who is the son of a
deceased child. This grandson is reported
to have assisted the appellant for a num-
ber of years; however, our records do not
show any financial contribution from him.
The recipient has been receiving old age
assistance continuously since 1936.

"On July 25, 1947 the appellant deeded
the property in question to her grandson
for $10 and other good and valuable con-
sideration. The other good and valuable
consideration consisted of one promissory
vendor's lien note in the principal sum of
$2,000 bearing interest from date until

paid at the rate of 4% payable to the appellant on or before five years after date or upon the death of the payee, whichever is sooner. The grantor (our recipient) reserved full possession, benefit, and use of the property as well as the rents, issues, and profits for and during her natural life. It was expressly agreed and stipulated in the deed that a Vendor's Lien was retained until the note and interest had been fully paid. The grantee also agreed that so long as the note or any part of it remained unpaid that he would keep the improvements fully insured and that he would pay the taxes.

"There was further covenant in the deed that should the grantee fail to pay the taxes or fail to keep the insurance in force that the appellant (our recipient) might declare the note due and payable and that suit might be immediately instituted to collect the insurance and the taxes and to foreclose the lien.

"When the needs of the appellant were reviewed in March, 1948 the Department learned of the existence of this deed and note. The Department made inquiry about the potential sale value of the $2,000 note in order to make it immediately available for meeting the needs of the appellant. Local realtors and a banker in the community considered the note negotiable, and the appellant considered the note negotiable; therefore, a denial of her grant was made on the basis that she had a $2,000 note which could be sold and which would furnish the necessities of life for her for a period of at least two years.

"When the appellant appealed the attorney for the grandson alleged that the appellant did not have a resource on the basis that the note was made payable to the appellant and was not made payable to the appellant or order; therefore, it was non-negotiable. During the

process of the appeal the field worker, responsible for reviewing the needs of the appellant, took a copy of the deed and the note to local realtors and one of them stated that if his attorney advised him that the note could be sold that he would buy it at a discount. The attorney informed him that although there might be some question about its negotiability, there was no question but what it could be sold and that the person buying it would have a valid lien against the property. This person offered to buy the note for $1500.

"The attorney for the appellant and the grandson contended that the reason for the transfer of the property to the grandson was in order to reduce the appellant's estate to cash rather than having to divide the property after her death, and further, that there was no intention of qualifying for assistance or affecting the assistance grant by reason of the transfer. The Department did not make a denial on the basis that the transfer was for the purpose of qualifying or increasing need, but the denial was made solely on the basis that the appellant had a resource in the note which was sufficient to meet her needs on a current basis.

"The Department held that the appellant was ineligible because the Department is required by law to consider all available resources, and it was considered that this resource amounting to $1500.00 was available immediately for her use if she chose to use it. The attorney for the appellant and her grandson contested the decision on the basis that the grantee, who is the grandson, had the right to limit the negotiability of his note and that the appellant could not sell it."

The Old-Age Assistance Act, House Bill 611, Acts of the 47th Legislature, Regular Session, as amended, is quoted by you as follows:

"SEC. 20.  Old Age Assistance shall be given under the provisions of this Act to any needy person: . . .

"'(5)  Who has not sufficient income or other resources to provide a reasonable subsistence compatible with health and decency . . . Income and resources to be taken into consideration shall be known to exist and shall be available to the applicant . . .'

"'(6)  An applicant for old age assistance shall not be denied assistance because of the ownership of a resident homestead, as the term "resident homestead" is defined in the Constitution and Laws of the State of Texas.'

"'SEC. 21.  The amount of assistance which shall be given under the provisions of this Act to any individual as old age assistance shall be determined by the State Department through its district or county agencies in the county or district in which the needy aged person resides with due consideration to the income and other resources of such aged person and in accordance with the rules and regulations of the State Department . . . . The amount of assistance given shall provide such aged person with a reasonable subsistence compatible with decency and health, within the limitations and provisions of the Constitution of Texas as are now provided, or may hereafter be provided.'"

We think it is clear that the $2,000 vendor's lien note described by you constitutes a resource available to the applicant proper to be taken into consideration by your Department.  The question of whether such note is a negotiable instrument is of no importance in the consideration.  The question is whether it is a

resource for support available as property owned by the claimant. It undoubtedly is property which may be sold, and, being owned by her, is available by sale. The law contemplates only that your Department will ascertain and determine the reasonable amount that could be raised from such resource by the reasonable effort of the recipient.

You state "the attorney (for the recipient) told us that in the event it was held that the proceeds of this note are available immediately for meeting the needs of the appellant if she chooses to sell the note, then he plans to ask the Court to enter a permanent injunction prohibiting the sale of the note in order to make the resource non-available legally." You then ask the legal effect of such action.

If such a proceeding should be undertaken by the recipient's attorney with her consent or knowledge and acquiescence, it would appear to us that it would be a violation of the law forbidding transfers or disposition of property for the purpose of qualifying a recipient or increasing his need.

## SUMMARY

Where a recipient of aid under the Old Age Assistance Act owns a vendor's lien note (whether such note be technically negotiable or not) having a reasonable value, and such note may be sold by the recipient, it is a resource available to such recipient to be considered by the Department.

Any action by such recipient voluntarily taken by court injunction forbidding any sale of such note for the purpose of qualifying such applicant or increasing her need would render such recipient ineligible under the statute.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL

By Ocie Speer
Ocie Speer
Assistant

OS:b:erc